CONCURRENCE
JULIA SMITH GIBBONS, Circuit Judge,
concurring.
Like the majority, I would affirm the dismissal of Hamdi’s complaint, but my reasoning differs in some respects from that of the majority opinion. While I fully agree that the jurisdictional bar of 8 U.S.C. § 1252(g) is inapplicable to Hamdi’s claims because they are not brought “on behalf of’ his mother, I disagree with the majority opinion’s analysis with respect to § 1252(a)(5) and 1252(b)(9). Taken together, these sections do indeed create a jurisdictional bar to Hamdi’s claims.
Essentially, Hamdi seeks to challenge the order removing his mother from this country. Under § 1252(a)(5) and 1252(b)(9), judicial review of such an order can occur only in the context of a petition for review filed with the appropriate court of appeals. The subsections make no distinction between the individual against whom the order of removal is explicitly directed and a third party in establishing the petition for review as the sole vehicle for such a challenge. Thus, giving § 1252(b)(9) its channeling effect results in the funneling of Hamdi’s challenge to the removal order into a petition for review, even though Hamdi was not a party to the *630 immigration proceeding and could not have raised his claim of constitutional violations there.
This result stems from the characterization of Hamdi’s claim as a challenge to the removal order and one involving legal issues “arising from” his mother’s immigration proceeding. If Hamdi’s claims were instead collateral to the removal process, then in my view they could be brought under the APA. As the majority opinion notes, we would have jurisdiction over Hamdi’s constitutional and international-law based claims under 28 U.S.C. § 1331. And the APA provides the -necessary waiver of sovereign immunity to permit the claims to proceed. Because the claims were indeed collateral, they would not be immigration proceedings in which the INA supplants the APA. Under this analytical route, we would analyze the complaint’s individual claims to determine whether a claim on which relief could be granted had been stated. But because I do not think that Hamdi’s claims can be categorized as collateral to the removal process, I will not undertake this analysis.
The majority opinion’s view of the substance of Hamdi’s claim seems close to mine, but it concludes that the problem lies in the relief sought. Proper conceptualization of this case is not an easy task, but my own view is that, based on § 1252(a)(5) and 1252(b)(9), we lack jurisdiction over Hamdi’s claim.